AMOS BENNETT *v*. G. W. FLANAGAN.

*Receipt.*

It was error to charge the jury that a common receipt in full for money was a bar to recovery in an action of assumpsit brought for work, when there was no claim of a compromise.

ASSUMPSIT for work and labor. Jury trial, September Term, 1881, POWERS, J., presiding. Verdict for the defendant. The case appears in the opinion.

*J. W. Russell* and *C. W. Brownell, Jr.*, for the plaintiff.

*H. S. Peck*, for the defendant.

The opinion of the court was delivered by

TAFT, J. This is an action to recover an alleged balance for wages earned by the plaintiff's minor son. No question arises which is affected by the infancy of the son. The suit is brought by the plaintiff to recover upon the contract, according to its terms as made by the son. The defendant and the son made a settlement, and the latter executed a receipt for three dollars in full of the account for his work. No claim was made upon the trial that the settlement was a compromise or an adjustment of disputed and conflicting claims. The question in controversy was whether the defendant paid the son, at the time of the settlement, all that was then due, the defendant insisting that the sum named in the receipt, three dollars, was all that was due, and the plaintiff that a larger sum was justly owing him; and that the son signed the receipt supposing it to be only a receipt for the three dollars, and not in full. The jury were told that if the son understood that he was settling his entire claim, then the receipt was a bar to the suit. The defendant claimed that the contract originally made had been changed by a subsequent agreement during the term of service, and the jury were instructed if they

found that the son was at work under the new arrangement that the *receipt barred* his remedy. We think holding the receipt conclusive and a bar to the suit, was error. It has often been decided in this State that a receipt is not in any case conclusive of the rights of the parties, but is always open to explanation, and even contradiction, by parol evidence, whatever the parties may have understood at the time. The jury should have been told to ascertain the amount which became due the plaintiff under the contract, either, as originally made or as modified, if they found that it had been modified, and the amount of payments made thereon by the defendant, and render a verdict accordingly, notwithstanding the receipt. For the failure so to do, a new trial is granted.

The exceptions show only extracts from the judge's charge. We regret that it is not given in full, as the part given may, in connection with the part omitted, have been correct ; but we must dispose of the case by the record, and with the above result.

Judgment reversed, and cause remanded.